UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J. KATHLEEN HUGE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a Delaware Corporation.,<br><br>    Defendants. | Case No. C14-857RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE WITNESS AND TO COMPEL DISCOVERY |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff J. Kathleen Huge's Motion to Strike Witness and to Compel Discovery, Dkt. #19. Ms. Huge requests that the Court strike Dr. Laura Brown as a witness in this case, or in the alternative, reopen discovery and order Defendant Boeing to fully respond to certain interrogatories concerning Dr. Brown. *Id.* Ms. Huge also moves to compel Boeing to respond to Requests for Production Nos. 20-24. *Id.* For the reasons set forth below, the Court GRANTS IN PART Plaintiff's Motion as described below.

## II.   BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. According to the Complaint, Ms. Huge was first hired by Boeing in 2006, and informed her

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 1

supervisor that year that she had a disability and requested certain accommodations. Dkt. #1-1 at 3. Ms. Huge went on medical leave in February of 2007, and was asked by Boeing to submit to a fitness for duty exam with psychologist Dr. Laura Brown, which occurred in July of 2007. *Id.* Ms. Huge eventually left Boeing and was hired by another firm in 2009; this firm was later acquired by Boeing. *Id.* at 4. In 2012, Boeing requested that Ms. Huge be evaluated by Dr. Laura Brown a second time. *Id.* at 8. This evaluation did not occur.

      Ms. Huge brings a claim under the American with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD") alleging that Boeing "discriminated against, retaliated against, and failed to accommodate Plaintiff" in several instances, including in requiring Ms. Huge to submit to a fitness-for-duty examination with Dr. Brown. *See, e.g., id.* at 18. Ms. Huge does not explicitly allege Boeing engages in a pattern and practice of discrimination against people with her disability. Ms. Huge filed her Complaint on May 22, 2014, in King County Superior Court and Boeing removed to this Court on June 12, 2014, under federal question and diversity jurisdiction. Dkt. #1.

### III.   DISCUSSION

**A. Legal Standard**

      "Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. "District courts have broad discretion in determining relevancy for discovery purposes." *Id*. (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 2

discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Furthermore, if a party "fails to identify… a witness as required by Rule 26(a)(or (e), the party is not allowed to use that… witness… unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**B. Motion to Strike Witness**

The parties exchanged Initial Disclosures on August 20, 2014. Dkt. #19 at 2. Boeing did not identify Dr. Brown as a potential witness, however it did include the common provision "Boeing may further rely on witnesses identified by plaintiff." Dkt. #20-3 at 3. Ms. Huge did identify Dr. Brown as a potential witness, stating that Dr. Brown "Has knowledge of her past examination and work restrictions for Plaintiff, the circumstances around her evaluation of Plaintiff that Dr. Brown canceled in 2013, and the Boeing IME procedures generally." Dkt. #23 at 10. On August 12, 2015, Boeing supplied a supplemental disclosure that included Dr. Brown as a witness. Dkt. #20-4 at 6. This was six days before the Court-imposed discovery cutoff.

Ms. Huge argues that Boeing failed to disclose Dr. Brown in their Rule 26(a)(1) initial disclosures, and did not supplement until six days before the discovery cutoff. Dkt. #19 at 4. Ms. Huge argues that, under Rule 37, Boeing should not be allowed to call this witness because "[t]he timing of this addition of Dr. Brown as a witness is not justified or harmless…. It is simply too late for Boeing to now identify Dr. Brown as a fact witness." *Id.* at 4-5. Boeing argues that Ms. Huge identified Dr. Brown as a witness in her initial disclosures, and that "Boeing, at the same time, informed Plaintiff that it may rely on Plaintiff's identified

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 3

witnesses." Dkt. #22 at 8. Boeing argues that these two facts make any delay in identifying Dr. Brown as a witness harmless. *Id.* at 9. Boeing also points out that it supplemented under Rule 26(e) before the discovery cut off, *id.* at 8, and did so because of information received from Dr. Brown in August, 2015, about Ms. Huge's interference with a 2012 evaluation that caused Boeing to reevaluate her importance as a witness. Dkt. #22 at 8.

Having reviewed the parties' briefs and the declarations and exhibits referenced therein, the Court finds that Boeing's addition of Dr. Brown as a potential witness was harmless and substantially justified. Ms. Huge had ample reason to treat Dr. Brown as a potential witness throughout discovery, Boeing gave sufficient notice of its potential reliance on Ms. Huge's witnesses in its initial disclosures, and Boeing has provided plausible justification for its relatively late addition. Whether Boeing received new information to justify calling Dr. Brown or whether Boeing simply came up with a new legal strategy for calling Dr. Brown, Boeing was entitled to supplement its disclosures when it did so.

**C. Motion to Compel Responses to Interrogatories Nos. 7 and 8 and RFP No. 6**

In the alternative, Ms. Huge requests that Boeing be compelled to respond to Plaintiff's Interrogatories Nos. 7 and 8 and RFP No. 6. These discovery requests state:

> **INTERROGATORY NO. 7:** Please describe the history of Boeing's retention of Dr. Laura Brown or her clinic as consulting psychologist. Include in your answer the following:
> 1. The identity of each person referred to Dr. Brown or her clinic;
> 2. The purpose of each such referral;
> 3. Dr. Brown's opinion regarding the fitness for duty of each person evaluated by
> her or other professional associated with her clinic;
> 4. The actions taken by Boeing in response to Dr. Brown's opinion.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 4

> **INTERROGATORY NO. 8:** With respect to each individual identified in the previous interrogatory, please identify the following:
> 1. The behavioral or workplace issues that Boeing sought to be evaluated;
> 2. What accommodations were provided to each individual both before and after the evaluation by Dr. Brown or other professional associated with her clinic;
> 3. The date each individual started employment at Boeing, and, if applicable, the final date actually worked at Boeing;
> 4. The reason for separation from Boeing, if applicable. (For the purposes of this interrogatory, a "medical layoff" would be considered to be a "separation" from Boeing.
>
> **REQUEST FOR PRODUCTION NO. 6**: For each individual identified in your response to Interrogatory No.7 who was evaluated by Dr. Laura Brown or other professional associated with her clinic, please provide copies of all Corrective Action Memos, performance improvement plans, or other documents related to the person's fitness for duty and/or separation from employment. (For the purpose of this interrogatory, a medical leave of absence for 30 days or more or a medical layoff is a separation from employment.)

Dkt. #20-1. Boeing objected to these requests, stating that "'the history of Boeing's retention of Dr. Laura Brown or her clinic as consulting psychologist' is vague and ambiguous," and stating that these interrogatories/request for production are "overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and invades the privacy rights of third-party non-litigants in their confidential medical information." *Id.* at 10.

In Response to this Motion, Boeing submits the declaration of Dr. Brown and argues that the requested information constitutes "sensitive and private medical history information," "mental health diagnoses," and "detailed descriptions of trauma and traumatic events." Dkt. #22 at 10. Boeing offers two grounds to deny this Motion: the requested materials are not relevant to the issues in this case, and "[j]ustice requires protecting nonparties from the

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 5

annoyance and embarrassment of disclosing their confidential psychological records." *Id.* at 11 (citing *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996)).

Boeing argues that these materials are not relevant because, during the period of time relevant to this lawsuit, Dr. Brown did not in fact evaluate Ms. Huge. Dkt. #22 at 11. Boeing asserts that Ms. Huge's attempt to find comparators in this information "is a mere fishing expedition" because Ms. Huge failed to craft interrogatories seeking information about "other Boeing employees who failed to meet performance expectations, demonstrated no effort to perform their jobs, and were discharged by the same decision makers as Plaintiff." *Id.* Perhaps sensing the weakness in this argument, Boeing also argues that "even if Plaintiff could show some relevance, the protection of medical information and histories of nonparties and their privacy rights in their mental health records outweighs any claimed need for the psychological Assessments." *Id.* at 12. Boeing also points out that Ms. Huge failed to plead a pattern and practice claim in her Complaint. *Id.*

On Reply, Ms. Huge justifies these discovery requests by arguing that she needs this information to cross-examine Dr. Brown, and because "Plaintiff has reason to believe that Boeing uses medical providers like Dr. Brown to justify medically laying off employees with mental disabilities." Dkt. #25 at 2. Based on Plaintiff's counsel's personal knowledge, "no employees who Dr. Brown has evaluated for Boeing have ever returned to work." *Id.* at 4-5. Ms. Huge argues that the requested information will be relevant "both to prove Boeing's discriminatory reason and to impeach Dr. Brown for her role in this process." *Id.* at 5. Ms. Huge also cites to *U. S. Postal Serv. Bd. of Govs. v. Aikens*, 460 U.S. 711, 715-17, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983); *Heyne v. Caruso*, 69 F.3d 1475, 1479-81 (9th Cir. 1995); and *Hawkins v. Hennepin Technical Ctr.*, 900 F.2d 153, 155 (8th Cir. 1990), all of which have been

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 6

cited in this District for the proposition that the personnel files of other employees can be discoverable in employment discrimination suits. *See Lauer v. Longevity Med. Clinic PLLC*, 2014 U.S. Dist. LEXIS 153397, *11 (W.D. Wash. Oct. 29, 2014).

Ms. Huge states that Boeing's argument about protecting non-party privacy is "beside the point," because she will accept these records with redactions and because "private information is sufficiently protected by the parties' stipulated protective order." *Id.*

The Court finds that Ms. Huge's discovery requests—as drafted—are overly broad and likely to invade the privacy of nonparties. However, Ms. Huge has a right to review personnel files of comparators to establish discriminatory intent, the requested information is sufficiently analogous, and she is willing to receive redacted information to allay Boeing's privacy concerns. The Court finds that Boeing has failed to meet its burden as the party resisting discovery, and therefore GRANTS this portion of Plaintiff's Motion and ORDERS that Boeing respond to these discovery requests by November 2, 2015, using pseudonyms for relevant employees (e.g. Employee 1, Employee 2, etc.) and limiting its response to employees referred to Dr. Laura Brown or her clinic between January 1, 2011, and May 22, 2014. Boeing shall redact any identifying information from these discovery responses, including names, birthdates, employee numbers, or other information that could lead a person to discern the identity of the employee in question through a reasonable effort.

**Motion to Compel for Requests for Production Nos. 20-24**

It is unclear from the briefing whether this Motion is moot. Boeing argues that the parties reached an agreement and Boeing produced responsive documents on August 27, 2015, and that "Plaintiff's counsel stated he would be fine to drop that portion of the motion to compel." Dkt. #22 at 12. However, Ms. Huge provides on Reply the following opaque update:

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO STRIKE
WITNESS AND TO COMPEL DISCOVERY - 7

"The portion of the motion that requests the Court to compel RFP Nos. 20-24 is partially moot. Boeing has produced some of the agreed upon documents, but there remains some documents for RFP No. 24 that have yet to be produced." Ms. Huge has failed to explain *why* Boeing's production is inadequate. There is simply insufficient information to justify further action from the Court at this time. This Motion is DENIED.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Strike Witness and to Compel Discovery, Dkt. #19, is GRANTED IN PART AND DENIED IN PART as detailed above.

DATED this 21 day of October, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE