1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| J. KATHLEEN HUGE, | Case No. C14-857 RSM |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| THE BOEING COMPANY, a Delaware Corporation., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff J. Kathleen Huge's Motion for Partial Summary Judgment, Dkt. #28, and Defendant Boeing Company ("Boeing")'s Motion for Summary Judgment, Dkt. #31. Ms. Huge seeks summary judgment on her claims that Boeing discriminated against her when it placed her on unpaid medical leave and when it withdrew its Long Beach, California job offer. Dkt. #28 at 22. Boeing seeks summary judgment dismissal of almost all of Ms. Huge's claims. Dkt. #31. For the reasons set forth below, the Court DENIES Plaintiff's Motion and GRANTS IN PART AND DENIES IN PART Defendant's Motion.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1

## II.      BACKGROUND

Ms. Huge filed this action on May 22, 2014, in King County Superior Court and Boeing removed to this Court on June 12, 2014, under federal question and diversity jurisdiction.  Dkt. #1.  Ms. Huge brings claims under the American with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD") alleging that Boeing discriminated and/or retaliated against and/or failed to accommodate her on the basis of her disability or disabilities by transferring her, placing her on unpaid medical leave, requiring her to submit to a fitness for duty exam, denying her ability to transfer to a position in California, refusing to place her in other positions, and ultimately terminating her employment.  Dkt. #1-1.

Ms. Huge began her employment at Boeing in April of 2006 with the job title "Industrial Engineer 3."  Dkt. #35-1 at 4; Dkt. #29-1 at 6.  In December of 2006, Ms. Huge informed Boeing that she had "high functional Autism, ADD, ADHD, and Learning Disability," that she was "not treated fairly," and that she requested accommodations.  Dkt. #29-1 at 29.  In 2007, Boeing directed Ms. Huge to be evaluated by psychologist Dr. Laura Brown.  Dkt. #29-1 at 56.  Boeing's records describe the subsequent work restrictions as, *e.g.*, "no work requiring social interaction beyond her direct supervisor," "job assignments should be repetitive," "complex instructions should be broken down into small steps," requiring job expectations to be written and discussed "thoroughly" with Ms. Huge, and "limit novel social situations."  Dkt. #35-2 at 2.  Ms. Huge was medically laid off effective March 28, 2008.  Dkt. #35-1 at 3.  Boeing contends that this occurred because Ms. Huge was unable to perform the essential functions of her job.  Dkt. #31 at 10.  Before she was laid off, Ms. Huge applied for

other positions at Boeing, including a janitorial position,[1] but Boeing determined that "there is no reasonable accommodation available that would allow [Ms. Huge] to effectively perform the Factory Service Attendant position."  Dkt. #30 at 3; Dkt. #29-1 at 81-82.

In 2009, Ms. Huge was hired by Global Aeronautica in Charleston, South Carolina. Dkt. #30 at 3.  Ms. Huge contends that she "worked there successfully and did not receive any discipline."  *Id.*  In June of 2010, Boeing purchased Global Aeronautica and Ms. Huge again became an employee of Boeing.  *Id.*; Dkt. #35-1 at 3.  On December 10, 2010, Ms. Huge accepted a position with Boeing in Renton, Washington.  *Id.*

Boeing records from December 2010 indicate that Ms. Huge disagreed that she needed work restrictions and that her doctor "did not issue restrictions he issued accommodations." Dkt. #35-1 at 5.  Ms. Huge informed Boeing that she did not need each of her specific work restrictions (detailed above), but that "once she starts the job [in Renton] she may need accommodation, but isn't sure what that will be until she gets [there]."  *Id.*  On February 4, 2011, Ms. Huge provided a note from her medical provider stating that she no longer needed "accommodations or medical restrictions."  Dkt. #29-1 at 102.

*Alleged Discriminatory Treatment*

Ms. Huge alleges that she began receiving discriminatory treatment in May of 2012. Specifically, she declares that her team lead, Charles Sundahl, "criticized" her "personal habits and mannerisms, which I believe are related to my autism."  Dkt. # 30 at 4.  Ms. Huge filed a complaint with the human resources department at Boeing, alleging "harassment, bullying, intimidation, and discrimination."  Dkt. #36-2 at 29.  Boeing HR investigated this complaint.

---

[1] The position, known as "Factory Service Attendant," involves cleaning and sanitizing rooms such as "cafeterias, food plazas, coffee/break rooms, offices, fitness centers, factory /office rest rooms" using, e.g., a vacuum cleaner. Dkt. #29-1 at 81.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 3

1
2
*Id.* at 38-46.  HR found the complaint "unsubstantiated."  *Id.*  The HR report does not mention autism, ADHD, ADD, Asberger's syndrome, or learning disabilities.  *Id.*

3
4
5
6
7
8
Within a week of filing her HR complaint, Ms. Huge was transferred out of Information Services, known as RFID, to a new work group, Metrics. Dkt. #30 at 4.  Ms. Huge contends that this was against her will and was a worse position.  *Id.*  Ms. Huge complained to HR that this transfer was retaliation for her previous HR complaint, but this was again found to be unsubstantiated by Boeing.  Dkt. #36-2 at 38-46.

9
10
11
12
13
14
15
16
17
18
19
On May 23, 2012, Ms. Huge sent an email to her manager Nancy Stieg stating "I need instructions in writing. This helps to understand what is being asked."  Dkt. #30-1 at 4.  On May 31, 2012, Suzanne Burdge sent Ms. Huge an email "on behalf of Nancy Steig" stating "You also indicated that you want all instructions given to you in writing.  Given the speed at which work occurs in our work group, this is difficult (if not impossible) to do. If you believe that you need an accommodation for a disability, you need to take documentation from your health care provider to Boeing Medical.  You have no Medical Restrictions on file."  Dkt. #29-2 at 40-41.  This email also indicates that Ms. Huge was issued a "verbal warning for disruptive behavior."  *Id.*

20
21
22
23
24
25
26
On or about June 12, 2012, Ms. Huge submitted medical documentation to support her request for accommodation in the form of a letter from Dr. James Kaplar which states that he diagnosed Ms. Huge with Asberger's Disorder/ High–Functioning Autism, ADHD and learning disability when Ms. Huge lived in Cleveland, but that "by their very nature these types of disorders are life-long conditions; they do not disappear…"  Dkt. #29-2 at 58-59.  The letter supports Ms. Huge's request to have her assignments and tasks given to her in writing.  *Id.*

27
28

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

On June 13, 2012, Boeing placed Ms. Huge on a "Non-Occupational Medical Leave of Absence."  Dkt. #29-2 at 63.  Boeing's records indicate that this was communicated to Ms. Huge during "an interactive discussion," and that Boeing explained that the current "medical restriction" of having instructions provided to Ms. Huge in writing "cannot be accommodated at work," because of "the speed of business requirements and productivity issues" and because "it was unreasonable to provide the level of high detail that the employee required."  *Id.*

On June 19, 2012, during Ms. Huge's medical leave, Boeing advised her that she would need to obtain a letter from a medical provider who had seen her within the last 30 days and who could opine on reasonable accommodations for Ms. Huge.  Dkt. #29-2 at 84.  Ms. Huge was seen by Dr. Crystal Wong, who wrote to Boeing on June 27, 2012, confirming the diagnosis of Asperger's syndrome, recommended vocational counseling and a job coach, and stated that she did "not consider those accommodations to be medical restrictions."  Dkt. #29-2 at 86.  Ms. Huge repeated this process with Dr. Robert Fraser, who evaluated her and recommended that she be given a job coach or that her task list be given to her in writing.  *Id.* at 92-93.  These were again described as "accommodations, not medical restrictions."  *Id.* at 93.

On August 14, 2012, therapist Deborah Bloom sent a letter to Boeing on behalf of Ms. Huge stating that Ms. Huge "would be notably more successful with the support of a Job Coach who specializes in working with people with Asperger's."  Dkt. #35-1 at 42; Dkt. #45 at 16.

Boeing required Ms. Huge to submit for an independent medical evaluation, ultimately performed by Dr. Gary Stobbe, a neurologist, and Dr. Julie Davies, a psychologist, in September of 2012.   Dr. Davies reviewed Ms. Huge's medical records and sent a comprehensive report to Boeing on October 16, 2012, indicating that Ms. Huge was able to

work and recommending a job coach as a reasonable accommodation.  Dkt. #29-2 at 55-62; 111-112.

　　　While on medical leave, Ms. Huge applied for other jobs within Boeing, and received a contingent job offer for a position in Long Beach, California, on August 28, 2012.  Dkt. #29-2 at 120-124.   On September 6, Ms. Huge wrote an email to her therapist Deborah Bloom, stating:

> Boeing attorney says that if I accept [the Long Beach offer] that the restriction/accommodation will follow.
>
> Can you please send an addendum letter that states the accommodation is only needed if on a "coaching session," performance improvement plan, NORA (notice of remedial action), etc…. if I remain in the same position with the SAME manager and lead.
>
> Please state that if I move/transfer to a different group (whether it is the same job code of not)…that there will be no accommodation needed.

Dkt. # 47-1 at 37.  Ms. Bloom sent Boeing Medical an addendum to her previous letter, dated September 13, 2012, stating that "a permanent accommodation of having a job coach will not initially be necessary if [Plaintiff] is to relocate to another location and/or position within Boeing."  Dkt. #35-1 at 43.  The Long Beach offer was withdrawn on October 9, 2012.  Dkt. #29-2 at 120; Dkt. #29-3 at 23.

　　　Ms. Huge returned to work for Boeing in December of 2012 and was provided a job coach.  On January 7, 2013, Boeing issued Ms. Huge a Notice of Remedial Action ("NORA") with a 45-day timeline to improve performance prior to termination. Dkt. #29-3 at 76-78.  This NORA begins with the following introduction:

> Your performance as a DFKE level 3 Industrial Engineer is unacceptable.  There have been several verbal discussions concerning the complexity of the work that you are able to

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

accomplish and the associated timeliness and quality of the work product. You have not been able to meet customer commitments on time, or at the expected level of quality, and have required significant coaching from your manager and lead. As a result you are not contributing to our business objectives and are putting considerable burden on the leads. Consequently, you have been assigned tasks consistent within your job classification and level, but still require frequent instruction to complete them.

Dkt. #29-3 at 76.

On January 16, 2013, Ms. Huge requested to change her job coach. Dkt. #29-3 at 88. On January 21, 2013, Boeing sent Ms. Huge a notice of termination. Dkt. #29-3 at 93.

### III.    DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1    support of the plaintiff's position will be insufficient; there must be evidence on which the jury

2    could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 251.

3    **B.  Plaintiff's Request for Summary Judgment on Unpaid Medical Leave**

4            The parties brief this issue under different legal frameworks.[2]  Boeing asserts that the

5    applicable framework is under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d

6    668, 93 S. Ct. 1817 (1973).  Under *McDonnell Douglas*, a plaintiff alleging disparate treatment

7    must first establish a *prima facie* case of discrimination.  *Id.* at 802.  Specifically, the plaintiff

8    must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3)

9    she was subject to an adverse employment action; and (4) similarly situated individuals outside

10   her protected class were treated more favorably.  *Id.; Chuang v. University of Cal. Davis*, 225

11   F.3d 1115, 1123 (9th Cir. 2000).  While the Court would have assumed that Ms. Huge would

12   present such evidence, Ms. Huge asserts on Reply that she is claiming "direct evidence"

13   discrimination.  Dkt. #48 at 5.  "A plaintiff may alternatively proceed by simply producing

14   direct or circumstantial evidence demonstrating that a discriminatory reason more likely than

15   not motivated the employer."  *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1105 (9th Cir. 2008)

16   (internal quotation marks omitted).  Ms. Huge asserts that she need only prove three elements:

17   "(1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is a qualified

18   individual able to perform the essential functions of the job, with or without reasonable

19   accommodations; and (3) the plaintiff suffered an adverse employment action because of her

---

[2] Plaintiff asserts that the elements for Plaintiff's WLAD claims largely mirror the elements required for Plaintiff's ADA claims.  *See* Dkt. #28 at 16 n. 22.  Indeed, "[i]n evaluating summary judgment motions in an employment discrimination case where the plaintiff lacks direct evidence of discriminatory animus, Washington courts have adopted the federal *McDonnell Douglas* burden-shifting protocol." *Tharp v. Univ. of Wash.*, 2008 Wash. App. LEXIS 768, *9 (Wash. Ct. App. Apr. 7, 2008) (citing *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 180-81, 23 P.3d 440 (2001)).

disability."  Dkt. #28 at 16, citing *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).

Direct evidence "is evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 662 (9th Cir. 2002) (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)) (bracketed text in original).  Racist or sexist statements constitute such "direct evidence" of discrimination.  *Id.* (citing *Godwin*, 150 F.3d at 1221 (decision-maker who denied plaintiff a position said that he "did not want to deal with another female;" at meeting, a male co-worker gave woman who was presenting a "Barbie Doll Kit" containing two dildos and a bottle of Wesson oil); *Cordova v. State Farm Ins.*, 124 F.3d 1145, 1149 (9th Cir. 1997) (employer referred to a Mexican-American employee as a "dumb Mexican"); *Lindahl v. Air France*, 930 F.2d 1434, 1439 (9th Cir. 1991) (employer stated that female candidates get "nervous" and "easily upset"); *Sischo-Nownejad v. Merced Cmty. College Dist.*, 934 F.2d 1104, 1111 (9th Cir. 1991) (employer referred to plaintiff as an "old warhorse" and to her students as "little old ladies")).

Ms. Huge argues that she is disabled under the ADA and WLAD by virtue of her diagnoses of Asberger's Syndrome and autism.  Dkt. #28 at 17.  The Court agrees.  Ms. Huge argues that she is a "qualified individual able to perform the essential functions of the job, with or without reasonable accommodations" because of her educational background, because Boeing must have thought she was qualified for her job when it rehired her in 2010 with prior knowledge of her disabilities, and because Ms. Huge worked successfully as an industrial engineer for Global Aeronautica and for Boeing in her position in South Carolina.  *Id.* at 17-18. Boeing presents sufficient evidence to raise a question of fact as to Ms. Huge's ability to

perform her job.   *See, e.g.,* Dkt. #45 at 10 ("Plaintiff also failed to demonstrate basic engineering concepts, and required guidance and step-by-step instruction for basic tasks and analyses that an Industrial Engineer 3 should perform independently") (citing Dkt. ##34-1 at Ex. F; 34-2 at Ex. L).   This is a question of fact for trial.

Ms. Huge argues that she "suffered an adverse action when Boeing placed her on unpaid, involuntary medical leave due to her disability."   Dkt. #28 at 16.   Ms. Huge argues that being placed on unpaid medical leave was "an adverse employment action as a matter of law."[3] *Id.* at 18-19.   Ms. Huge's sole legal support for this position is a Fifth Circuit case, *E.E.O.C. v. E.I. Du Pont De Nemours & Co.*, 480 F.3d 724 (5th Cir. 2007).   This case does not support Ms. Huge's position, however, as the issue went to a jury.   *E.I. Du Pont de Nemours*, 480 F.3d at 728 ("The court found that DuPont regarded Barrios as disabled under the ADA, but it found other material issues of fact. The parties proceeded to trial…").

Ms. Huge conflates her disparate treatment and failure to accommodate claims.   Ms. Huge argues that Boeing placed her on this unpaid medical leave "because she requested an accommodation."   *Id.* at 19.   Ms. Huge also argues in the same section that "Boeing's sleight-of-hand in turning Ms. Huge's request for an accommodation into a 'medical restriction' was an attempt to evade its obligations under the ADA to engage in the interactive process."   *Id.* at 16. Ms. Huge argues that "Boeing had an obligation to continue the interactive process to accommodate Huge after it determined her requested accommodation was an undue hardship— not remove her from work."   *Id.* at 19.

In Response, Boeing begins by arguing that "it is undisputed that [Ms. Huge] was performing her job in an unsatisfactory manner, and there is no evidence that similarly situated

---

[3] *See also* Dkt. #28 at 2 ("…the proper analysis [is] whether an employer can take an adverse employment action based on a request for accommodation. As a matter of law, the answer is 'no.'")

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 10

employees were treated differently or that Plaintiff was discriminated against." Dkt. #45 at 21. Boeing argues that placing Ms. Huge on unpaid medical leave while evaluating her requests for accommodation does not constitute an adverse employment action and may in fact be a reasonable accommodation, citing to *inter alia, Page v. Jefferson Transit Auth.*, No. C08-5456RJB, 2009 WL 2057045, at *11 (W.D. Wash. July 15, 2009); *Hawley v. Travelers Companies, Inc.*, No. 2:14-CV-38-RMP, 2015 WL 1884058, at *6 (E.D. Wash. Apr. 24, 2015). Dkt. #45 at 25.

Ms. Huge argues on Reply that Boeing's response to Plaintiff's request for accommodation—placing her on medical leave—is "direct evidence of discrimination." Dkt. #48 at 6. However, Ms. Huge does not present what has traditionally qualified as direct evidence of discrimination—statements showing discriminatory animus.

Although Boeing's Opposition responded under the assumption that the *McDonnell Douglas* framework applies, its arguments also refute Ms. Huge's claims of direct or circumstantial evidence of disability discrimination. For example, Boeing argues that it placed Ms. Huge on unpaid medical leave because it was attempting to evaluate Ms. Huge's requests for accommodation and determine how to accomplish those accommodations. Dkt. #45 at 25. The Court notes that placing Ms. Huge on unpaid medical leave for months, only to implement the accommodations suggested by Ms. Huge from the beginning—*e.g.* provide a job coach—does not appear to be a good faith effort to engage in the interactive process required under the ADA. However, failure to properly engage in the interactive process is not necessarily direct evidence of disability discrimination. Ms. Huge's arguments as to her unpaid leave tend to show that Boeing did not provide reasonable accommodations required under the ADA, i.e. *did not* treat her differently than other non-disabled employees. A claim of discrimination under the

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

ADA requires the opposite—evidence that Boeing *did* treat her differently than other, non-disabled employees because of her disability.

Ms. Huge, as the moving party, has the burden of proof.  Boeing need only present a genuine issue of material fact to preclude summary judgment.  Boeing has successfully presented questions of fact as to its motivations for placing Ms. Huge on leave.  The Court cannot say as a matter of law that Boeing's placement of Ms. Huge on unpaid leave shows a discriminatory animus rather than an attempt, perhaps a failed attempt, to accommodate Ms. Huge's disability.  Even if the Court were to proceed under *McDonald Douglas*, Ms. Huge has presented no evidence that similarly situated non-disabled employees would not have received an adverse employment action equal or worse than unpaid leave.  Summary judgment will be denied as to this claim.

Furthermore, even if Ms. Huge were to bring a claim for summary judgment as to Boeing's failure to accommodate, there are genuine issues of material fact as to whether Boeing's placement of Ms. Huge on unpaid leave was a reasonable accommodation given the conflicting medical information it had at the time.

**C. Plaintiff's Request for Summary Judgment on withdrawal of Long Beach Offer**

Ms. Huge argues that Boeing's withdrawal of the Long Beach, California job offer "was squarely because of Plaintiff's disability—Huge was put on an involuntary leave of absence due to her disability and the Long Beach job was withdrawn on October 9, 2012 because Boeing would not let her return to work."  Dkt. #28 at 20.

In Response, Boeing argues that Ms. Huge was on medical leave at the time of the Long Beach offer and Boeing was working with her medical providers to obtain current information as to reasonable accommodations that could be implemented in the Long Beach job.  Dkt. #45

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 12

at 29.   Boeing argues that "an employer does not have to turn a blind eye to a current employee's known disability, when that employee applies for another job with the employer." Dkt. #45 at 28 (citing *Harris v. Harris & Hart, Inc.*, 206 F.3d 838, 844 (9th Cir. 2000)).   Boeing argues that Ms. Huge "was not cleared to return to work" in time for the position, and that the manager for the position in Long Beach "requested to withdraw Plaintiff's offer due to his group's immediate need to fill the empty position to address a massive backlog…" Dkt. #45 at 19 (citing Dkt. #34-1 at Exhibit D).[4]

Because the Court has already ruled that questions of fact exist as to the unpaid leave claim, the Court will not rule as a matter of law that the alleged discrimination of the unpaid leave alone equals discrimination in withdrawing a job offer due to that leave.   Furthermore, Boeing presents a genuine issue of fact as to why the job offer was revoked.   During the time between the job offer being made and the job offer being withdrawn, Boeing was receiving contradictory information from Ms. Huge's medical providers as to the accommodations that would be necessary in the new position.   The credibility of the various individuals involved with this decision must be weighed at trial.   Summary judgment is inappropriate as to this issue.

**D. Defendant's Request for Summary Judgment on Plaintiff's Claims**

    **a.   Discrimination Claims**

        **1.** *Prima Facie* **Case**

Boeing argues that "[b]ecause there is no direct evidence of disability animus, Plaintiff must proceed under the indirect *McDonnell Douglas* method," as described above.   Dkt. #31 at 18.   Boeing first argues that Ms. Huge has failed to establish a *prima facie* case of discrimination.   In the context of a discriminatory discharge claim, Plaintiff must show (1) she

---

[4] The Court notes that Boeing's citation is in violation of Local Rule 10(e)(6).  The parties are advised to cite to the page and line of deposition testimony and to cite to documents already in the record with the docket number and page number.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

is a member of a protected class, (2) performing her job in a satisfactory manner, (3) she suffered an adverse employment action, and (4) similarly situated employees not in her protected class received more favorable treatment or there are some other indicia of discrimination.  *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996). Boeing argues that Ms. Huge was not satisfactorily performing her job and that she cannot identify a similarly situated Boeing employee who was treated differently than her.  Dkt. #31 at 19.

The evidence presented by Ms. Huge, already discussed above, indicate to the Court that significant questions of fact exist as to this claim.  It appears undisputed that Ms. Huge has been able to work as an industrial engineer for Boeing and other companies.  Ms. Huge's alleged poor performance and disruptive behavior are entangled with her requests for accommodation due to her disability.  It will take a trial to untangle these facts.  Although Ms. Huge has not presented evidence of similarly situated, non-disabled employees receiving more favorable treatment, she has presented "some other indicia of discrimination" in the form of so-called direct evidence of discrimination.  *See* Dkt. #42 at 19 (citing Dkt. #43-2 at 45) (this evidence is discussed below).  Ms. Huge's evidence is sufficient to establish a *prima facie* case.

### 2. Boeing's Nondiscriminatory Reason for Discharging Plaintiff

Boeing argues that it took adverse employment action against Ms. Huge because of her disruptive behavior in the workplace, not because of her disability.  Dkt. #31 at 20-21.

In Response, Ms. Huge argues that the actions Boeing labels as disruptive were symptomatic of her autism.  Dkt. #42 at 19 (citing Dkt. #29, Ex. 49, Ex. 53, and Ex. 71).[5]  Ms. Huge argues that Boeing Medical "expressly advised management to violate the principles of

---

[5] See footnote 4 to this Order, *supra*.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

*Gambini* by holding her autism symptoms against her," citing Boeing's records on Ms. Huge, specifically one from October 30, 2012, which states, "Per BMC, any behavioral issues should be regarded as strictly behavior and not attributed to a medical condition (i.e. move forward w/ any corrective actions if behavior issues present themselves)." Dkt. #42 at 19 (citing Dkt. #43-2 at 45).

Ms. Huge refers to *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087 (9th Cir. 2007), which conveniently summarizes Washington and federal law as follows:

> …the Washington Supreme Court has itself… stated explicitly: Conduct resulting from the disability . . . is part of the disability and not a separate basis for termination. In so doing [Washington] drew on our own holding in *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1139-40 (9th Cir. 2001), which in the context of the Americans With Disabilities Act ("ADA") similarly articulated that "conduct resulting from a disability is considered part of the disability, rather than a separate basis for termination." As a practical result of that rule, where an employee demonstrates a causal link between the disability-produced conduct and the termination, a jury must be instructed that it may find that the employee was terminated on the impermissible basis of her disability.

486 F.3d at 1093.

The Court is convinced that a reasonable fact-finder can view Ms. Huge's alleged disruptive behavior as conduct resulting from a disability. Ms. Huge has successfully introduced sufficient evidence to create a question of fact as to Boeing's alleged nondiscriminatory reasons for disciplining and ultimately terminating Ms. Huge. Summary judgment is inappropriate as to this claim.

### 3. Evidence of Pretext

Having found that Boeing cannot establish as a matter of law that Ms. Huge has failed to make a *prima facie* case and that Boeing had a legitimate, non-discriminatory reason for

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

disciplining/discharging Ms. Huge, the Court need not discuss Ms. Huge's evidence of pretext to deny this Motion.

### b. Failure to Accommodate Claim

To establish a *prima facie* case for failure to accommodate under the ADA, a plaintiff must show that "(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)); *see also* 42 U.S.C. §§ 12112(a), (b)(5)(A) (requiring reasonable accommodation).

"Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001) (citing *Barnett v. U.S. Air*, 228 F.3d 1105, 1114 (9th Cir. 2000)). "An appropriate reasonable accommodation must be effective, in enabling the employee to perform the duties of the position." *Id.* The interactive process requires "communication and good-faith exploration of possible accommodations" between employer and employee, and neither side can delay or obstruct the process. *Id.*; *Beck v. University of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996) ("A party that obstructs or delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith."). Employers who fail to engage in the interactive process in good faith face liability for the remedies imposed by the statute if a

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

reasonable accommodation would have been possible.  *Humphrey*, 239 F.3d at 1138 (citing *Barnett*, 228 F.3d at 1116).

Under Washington law, to establish a *prima facie* case for a reasonable accommodation claim, a plaintiff must show that "(1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality."  *Kries v. WA-SPOK Primary Care, LLC*, 2015 Wash. App. LEXIS 2190, *57 (Wash. Ct. App. Sept. 10, 2015) (citing *Davis v. Microsoft Corp.*, 149 Wn.2d at 532 (2003); *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 192-93, 23 P.3d 440 (2001), overruled on other grounds by *McClarty v. Totem Electric*, 157 Wn.2d 214, 137 P.3d 844 (2006)).

Boeing argues that Ms. Huge was not qualified to perform the essential functions of her job with or without accommodation.  Dkt. #31 at 22. However, Ms. Huge has already argued that she is a "qualified individual able to perform the essential functions of the job, with or without reasonable accommodations" because of her educational background, because Boeing must have thought she was qualified for her job when it rehired her in 2010 with prior knowledge of her disabilities, and because Ms. Huge worked successfully as an industrial engineer for Global Aeronautica and for Boeing in her position in South Carolina.  Dkt. #28 at 17-18.  Boeing has presented no evidence to the contrary.  The Court finds that, at a minimum, a question of fact exists as to whether Ms. Huge was a qualified individual under the ADA and WLAD making summary judgment inappropriate as to this issue.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

Boeing also argues that an employer is only required to adopt *reasonable* accommodations, and that reasonableness can be resolved as a matter of law in appropriate cases, citing to cases where the employee requested the employer to create a job for that disabled employee and cases where the request was to eliminate essential job functions.  Dkt. #31 at 23-24.  However, Boeing does not cite to a case where the reasonable accommodation request was to have assignments given in writing or to provide a job coach, and the Court does not find the instant matter to be an appropriate case for the Court to weigh in on what is or is not a *reasonable* accommodation—this is an issue of fact properly resolved at trial.

### c.  Retaliation Claim

To establish a *prima facie* case of retaliation for a protected activity under Washington law, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action was taken, and (3) there was a causal link between the employee's activity and the employer's adverse action.  *Estevez v. Faculty Club of the Univ. of Wash.*, 129 Wn. App. 774, 797, 120 P.3d 579 (2005).  If the plaintiff establishes a *prima facie* case, then the defendant may attempt to rebut the case by presenting evidence of a legitimate, nondiscriminatory reason for the employment decision.  *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 70, 821 P.2d 18 (1991).  The burden then shifts back to the plaintiff, who can attempt to prove that the employer's reason is pretextual.  *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 180-81, 23 P.3d 440 (2001).  To survive summary judgment, the plaintiff need show only that a reasonable judge or jury could find that her disability was a substantial motivating factor for the defendant's adverse action. *Id.* at 185-87.  The ADA also prohibits retaliation, interference, coercion, or intimidation against a person who challenges practices that are unlawful under the ADA.  *See* 42 U.S.C. § 12203(a)-(b).  Making a good faith assertion of rights or requesting an

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

accommodation under the ADA is protected activity.  *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004).

### 1. Medical Leave as Retaliation

Boeing states that it did not "retaliate against Plaintiff by placing her on a medical leave of absence in June 2012 while it evaluated her disability and potential accommodations," arguing that "[t]his leave was necessary because it allowed Boeing to assess what accommodation, if any, would work for Plaintiff, since her initial medical documentation was outdated and her requested accommodation removed essential job functions from her position." Boeing argues that "leave in such a circumstance is not retaliatory," citing to *Yoon v. Kaiser Found. Hosp.*, 412 Fed. Appx. 930, 931 (9th Cir. 2011).  Because this is a motion for summary judgment, what Boeing is really arguing is that leave in such a circumstance is not retaliatory *as a matter of law*, or that *no reasonable juror* could conclude otherwise.  Boeing's citation to *Yoon* is not dispositive.  In *Yoon*, the Court concluded that, even if the plaintiff could establish a *prima facie* case, the defendant employer so clearly had a legitimate, nonretaliatory reason for placing the plaintiff on paid administrative leave that "nothing in the record could lead a reasonable fact finder to conclude that the reasons for the leave were pretextual."[6]

In response, Ms. Huge argues that "Plaintiff's retaliation claims largely overlap with her disparate treatment and failure to accommodate claims" and "when Huge sought a reasonable accommodation, Boeing placed her on a lengthy unpaid leave of absence, which it dragged out

---

[6] In *Yoon*, the court concluded that "[e]xamining psychiatrists determined that Yoon could no longer work with infants. In her deposition, Yoon admitted that she would not feel comfortable returning to work because she was scared of people and feared being attacked by co-workers. Yoon also admitted that she was diagnosed with paranoia, schizophrenia and auditory hallucinations. Nothing in the record could lead a reasonable fact finder to conclude that Kaiser's reasons for placing Yoon on paid administrative leave were pretextual." 412 Fed. Appx. at 931.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

for six months, while seeking repeated and unnecessary mental health evaluations." Dkt. #42 at 28.

It is clear to the Court that there are sufficient questions of fact as to the unpaid medical leave claim of retaliation to preclude summary judgment. Unlike *Yoon*, a reasonable fact-finder could conclude that the unpaid medical leave, especially the length of the leave, was retaliatory given Ms. Huge's repeated communications with HR.

### 2. Transfer to Metrics as Retaliation

Boeing's argument as to the transfer to Metrics is stronger. Boeing argues that the transfer cannot be an adverse employment action because Ms. Huge kept her job title, salary, and benefits. Dkt. #31 at 29 (citing *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (transfer not an adverse employment action unless it disadvantageous); *Maez v. King Cnty. Dep't of Transp.*, 109 Wn.App. 1041 (2001) (transfer was not adverse action because salary, benefits, and shift were not affected)). Boeing also argues that Ms. Huge cannot prove that the decision-maker knew of her protected activity, and took adverse action against her because of it. Dkt. #31 at 29 (citing *Graves*, 76 Wn.App. at 712; *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 797 (9th Cir. 1982)).

In response, Ms. Huge argues that a transfer can be an adverse employment action, citing to *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). *Ray* points to *St. John v. Employment Development Dept.*, 642 F.2d 273, 274 (9th Cir. 1981), where the Ninth Circuit held that "a transfer to another job of the same pay and status may constitute an adverse employment action." *Ray* at 1241. Ms. Huge argues that "[a]ll of Boeing's adverse employment actions support a finding of retaliation" and that Boeing "immediately transferred her to Metrics" after Huge first complained to HR about harassment, and cites to *Yartzoff v.*

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 20

*Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) for the assertion that "[p]roof of retaliatory animus is often made simply by the close proximity in time between the protected activity and the adverse employment action." Dkt. #42 at 28.

Ms. Huge is required to present a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Taking all reasonable inferences in favor of Ms. Huge, the Court finds that she has failed to present a genuine issue of material fact as to her claim of retaliation by transfer to Metrics, and has failed to satisfactorily argue how the transfer to Metrics was disadvantageous. Summary judgment will be granted as to this narrow claim.

### 3. Termination of Employment as Retaliation

Boeing argues, in passing, that ,"[n]or is there any evidence her discharge was due to her complaint 10 months earlier." Boeing, as the moving party, has the obligation to show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court finds Boeing's argument insufficient to dismiss Ms. Huge's remaining claims of retaliation.

### d. Remaining Claims

#### 1. Claims occurring before May 22, 2011

Boeing argues that Ms. Huge's WLAD and ADA claims are limited by statutes of limitation. Dkt. #31 at 30 (citing RCW 4.16.080(2); 42 U.S.C. § 2000e-5(e)(1)). Boeing points to only one claim as time-barred: "that Boeing required Plaintiff to obtain clearance from her doctor to remove her medical restrictions in February 2011." Dkt. #31 at 30 (citing to the Complaint, ¶¶ 3.9, 5.2). Boeing alleges that this claim concerns a "discrete act which is alleged to be unlawful and is beyond the three-year statute of limitations." Dkt. #31 at 30. Ms. Huge

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 21

fails to respond to this argument.  The Court finds this claim is discrete and time-barred, and thus summary judgment dismissal of this claim is appropriate.

### 2. Failure to Hire Claims

In order to establish a *prima facie* case for a WLAD failure to hire claim, a plaintiff must show: (1) she was within a statutorily protected class; (2) she applied and was qualified for an available position; (3) she was not offered the position; and (4) the position went to a person not in the protected class. *See, e.g., Kuyper v. State*, 79 Wn.App. 732, 735 (1995).[7]  Only after the plaintiff establishes a *prima facie* case does the burden shift to the defendant to produce evidence of a legitimate, non-discriminatory reason for the employment decision. *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 753 P.2d 517 (1988).  If the defendant can produce evidence of a legitimate reason for the employment decision, the burden then shifts back to the plaintiff to demonstrate pretext. *See id.*

Boeing moves to dismiss Ms. Huge's claim as contained in paragraph 5.7 of her Complaint: that Boeing "discriminated against, retaliated against, and failed to accommodate Plaintiff in refusing to hire Plaintiff for positions for which she was qualified at Boeing."  Dkt. #1-1 at 20.  Boeing and the Court are unclear as to what Ms. Huge is referring to by this claim. Boeing states "to the extent this claim is based on Plaintiff's allegation that she applied for 'dozens of different positions within Boeing' while she was on medical leave in 2012 (Complaint, ¶ 3.34), there is no support for this claim. Dkt. #31 at 31.  Boeing asserts that Ms. Huge cannot establish a *prima facie* case because she "fails to identify which available positions she claims she applied for, was qualified for, and was not offered [n]or does she have evidence that any such position went to a person not in her protected class."  Dkt. #31 at 31.  Ms. Huge

---

[7] The standard for an ADA failure to hire claim is nearly identical.  *See McDonnell Douglas*, 411 U.S. at 802.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

fails to respond to this argument.  The Court finds that there is no genuine issue of material fact as to a claim based on Boeing's failure to hire Ms. Huge for "dozens of different positions" within Boeing while she was on medical leave in 2012, and summary judgment dismissal of that narrow claim is appropriate.  To the extent that paragraph 5.7 of the Complaint may be referring to Boeing's failure to hire her for the Long Beach, California position, that claim remains for trial as stated above.

### 3. Policy of Not Allowing Employees on Leave to Interview

To establish a *prima facie* case of disparate impact under Washington law, the plaintiff must prove that "(1) a facially neutral employment practice, (2) falls more harshly on a protected class."  *Shannon v. Pay 'N Save Corp.*, 104 Wn.2d 722, 727 (1985).  Only then does the burden shift to the employer "to show that the challenged requirement has a 'manifest relationship' to the position in question," *id*., quoting *Griggs v. Duke Power Co*., 401 U.S. 424, 432 (1971), "or is justified by a business necessity," *Oliver v. Pac. Nw. Bell Tel. Co*., 106 Wn.2d 675 (1986).  In a disparate impact case, the plaintiff bears the burden of proving that the "employment practice complained of falls more harshly on a protected class." *Oliver*, 106 Wn.2d at 681.  Disparate-impact claims are also cognizable under the ADA.  *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003).  Such claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id.* at 52 (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335-336 (1977)).  Under a disparate-impact theory of discrimination, "a facially neutral employment practice may be deemed [illegally discriminatory] without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case." *Id.* at 52-53 (citing *Wards Cove Packing Co. v.*

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23

*Atonio*, 490 U.S. 642, 645-646, 104 L. Ed. 2d 733, 109 S. Ct. 2115 (1989), superseded by statute on other grounds).

Boeing moves to dismiss Ms. Huge's claim as contained in paragraph 5.11 of her Complaint: that Boeing's "policy of not allowing individuals on medical leave to interview for positions at Boeing is discriminatory as applied and has a disparate impact on individuals with disabilities…"  Dkt. #1-1 at 20-21.  Boeing argues that Ms. Huge "cannot show that such a policy exists," and "cannot show that Boeing's policy of not permitting employees on company premises while on *any type* of leave of absence has a disparate impact on employees with disabilities…. Because [Ms. Huge] offers no data or comparators to support her claim."  Dkt. #31 at 32.

Ms. Huge fails to respond to these arguments.  Because Ms. Huge fails to present evidence that this alleged policy falls more harshly on a protected class, the Court finds that there is no genuine issue of material fact as to Ms. Huge's claim in paragraph 5.11 of her complaint, and summary judgment dismissal of that claim is appropriate.

## IV.    CONCLUSION

As the Ninth Circuit has repeatedly stated, "it should not take much for [a] plaintiff in a discrimination case to overcome a summary judgment motion…. because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record."  *Wright v. UPS*, 609 Fed. Appx. 918, 922, (9th Cir. 2015) (citing *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495 (9th Cir. 2015); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000)).

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 24

1)     Plaintiff's Motion for Partial Summary Judgment, Dkt. #28, is DENIED.

2)     Defendant's Motion for Summary Judgment, Dkt. #31, is DENIED as to Plaintiff's disability discrimination claim.

3)     Defendant's Motion for Summary Judgment, Dkt. #31, is DENIED as to Plaintiff's reasonable accommodation claim.

4)     Defendant's Motion for Summary Judgment, Dkt. #31, is DENIED as to Plaintiff's claim that Defendant retaliated against Plaintiff by placing Plaintiff on unpaid medical leave, as stated in paragraph 5.4 of the Complaint.

5)     Defendant's Motion for Summary Judgment, Dkt. #31, is GRANTED as to Plaintiff's claim that Defendant retaliated against Plaintiff by moving Plaintiff to a new position after Plaintiff complained of harassment, as stated in paragraph 5.3 of the Complaint.

6)     Defendant's Motion for Summary Judgment, Dkt. #31, is DENIED as to Plaintiff's claim that Defendant retaliated against Plaintiff by terminating Plaintiff's employment in January 2013, as stated in paragraph 5.8 of the Complaint.

7)     Defendant's Motion for Summary Judgment, Dkt. #31, is GRANTED as to Plaintiff's claim that Defendant discriminated against Plaintiff when she was first offered the Renton, Washington engineering position by requiring Plaintiff to obtain a medical document removing her "medical restrictions," paragraph 5.2 of the Complaint.

8)     Defendant's Motion for Summary Judgment, Dkt. #31, is GRANTED as to Plaintiff's claim that Defendant failed to hire Plaintiff for positions for which

she was qualified at Boeing, paragraph 5.7 of the Complaint, to the extent that Plaintiff claims a failure to hire for positions she applied for within Boeing while she was on medical leave in 2012 other than the Long Beach, California position.

9) Defendant's Motion for Summary Judgment, Dkt. #31, is GRANTED as to Plaintiff's claim that Defendant's policy of not allowing individuals on medical leave to interview for positions at Boeing is discriminatory as applied and has a disparate impact on individuals with disabilities, paragraph 5.11 of the Complaint.

DATED this 30th day of October 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 26